908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William S. DAVIS, Defendant-Appellant.
 No. 89-5452.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1990.
Decided July 16, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-88-125-R)
 John P. Alderman, United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 R. Reid Young, Jr., Robert L. Bushnell, Young, Haskins, Mann & Gregory, P.C., Martinsville, Va., for appellant.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 PER CURIAM:
 
 
 1
 William Sanford Davis was tried and convicted following a jury trial on six counts of distribution of cocaine, with count one additionally alleging that the distribution caused the death of Kimberly Dane Kirk. Counts two through six resulted in a five-year consolidated sentence which is not challenged on appeal by Davis. Count one resulted in a sentence of twenty-four years to run consecutively and it is from that conviction and sentence that Davis appeals.
 
 
 2
 First, Davis asserts that count one should have been severed for trial. However, Federal Rule of Criminal Procedure 8(a) permits the charging of two or more offenses in the same indictment if based on charges of the same or similar character or based on transactions connected together or constituting part of a common scheme or plan. The commonality aspect is pellucidly clear upon reviewing the record. Under Federal Rule of Evidence 404(b), evidence admissible under count one could be introduced in a separate trial or trials of the other five counts. The opposite is also true, so that joinder of the counts for trial resulted in no additional prejudice to Davis. United States v. Foutz, 540 F.2d 733, 736 (4th Cir.1976).
 
 
 3
 The objections by Davis to the introduction of evidence complained of as unduly prejudicial to him next demand our attention. The evidence involved was clearly relevant. The discretion of the district judge, exercised here in favor of admissibility of the evidence was neither arbitrary nor irrational. The court's determination to permit the evidence was consequently properly within its discretion. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988).
 
 
 4
 Finally, Davis asserts that he was entitled to a judgment of acquittal on the issue of whether he distributed to Kirk the cocaine that caused her death. However, the record contains ample probative evidence establishing that Davis engaged in the business of preparing and distributing cocaine to others, that Kirk appeared at the premises of Davis, that she ingested cocaine, and thereupon became seriously ill and died. The evidence taken in the light most favorable to the government was ample to sustain conviction. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 Accordingly, the conviction is
 
 5
 AFFIRMED.